## IN THE MATTER OF THE ESTATE OF
## ALFRED B. STORIE, JR., Deceased

Probate No. 33/1984

Territorial Court of the Virgin Islands

Div. of St. Croix

August 23, 1984

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Petitioner, Mary Joan Storie, a/k/a Mary Joan Atieh, filed a petition to admit the will of decedent Alfred B. Storie, Jr. to probate. Petitioner is the named executrix in the last will and testament of the decedent. Citations were issued by this court to the next of kin of the decedent on April 30, 1984. Respondents, the children of the decedent, appeared by counsel and objected to the admittance of the will to probate on the grounds that petitioner was divorced from the decedent at his death and that said divorce and a separation agreement entered into by petitioner and decedent prior to the divorce revoked any testamentary disposition to petitioner and her appointment as executrix of the will. The probate of the will is not objected to on any other ground. The sole question presented is the effect of the separation agreement and the subsequent divorce upon the provision made in the will for the petitioner.

### II. FACTS

Decedent executed a will in 1978, in which he devised his entire estate to the petitioner, who at the time of the execution of the will was married to the decedent. Petitioner was also named executrix of the will. Thereafter, petitioner and decedent entered into a separation agreement on September 25, 1980. According to the agreement, the parties intended the document to be a complete and final settlement of all jointly held property by both parties and of any claim that each might have had against the other. The last paragraph of the agreement states:

> 10. This agreement shall be binding upon the parties and their respective heirs, executors, administrators and assigns.

The parties subsequently divorced on December 8, 1980. The separation agreement was expressly incorporated into the divorce decree. Decedent died on February 18, 1983 without changing or otherwise revoking the will executed by him on May 31, 1978.

### III. DISCUSSION

The question presented appears to be one of novel impression in this jurisdiction. The sections of the statute applicable in this case were modeled after the old New York Decedent Estate Law. In construing these sections, this court will therefore look to New York cases interpreting them for guidance.

171

■■ Virgin Islands law specifically sets forth the manner in which a will can be revoked. Pursuant to our statute, a will can be revoked by

> some other will in writing, or some other writing of the testator declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed.

15 V.I.C. § 26. The statute neither mentions divorce nor does it provide that a divorce shall have any effect on a will previously executed by an ex-spouse. New York courts interpreting this section found the statutory methods of revocation to be exclusive and the common law doctrine of implied revocation of wills by reason of subsequent changes in the condition or circumstances of a testator not applicable. In re Sussdorff's Estate, 43 N.Y.S.2d 760 (1943). Thus, the New York cases consistently held that a divorce decree does not revoke any testamentary provision made to an ex-spouse in a testator's will. Sussdorff's Estate, supra; In re Silberstein's Estate, 108 N.Y.S.2d 88 (1945). Accordingly, this court finds that a revocation or alteration of a will must be made pursuant to statute to be effective, and that a divorce decree does not revoke a testamentary provision made to an ex-spouse since this is not a method of revocation provided for in our statute.

■ Sections 30 and 31 of Title 15 provide that

> a conveyance, *settlement*, deed or other act of a testator, by which his estate or interest in property, previously devised or bequeathed by him shall be altered, but not wholly divested, shall not be deemed a revocation of the devise or bequest of such property ... unless in the instrument by which such alteration is made the intention is declared that it shall operate as a revocation of such previous devise or bequest. But if the provisions of the instrument by which such alteration is made, are *wholly inconsistent* with the terms and nature of such previous devise or bequest, such instrument shall operate as a revocation thereof, unless such provisions depend on a condition or contingency, and such condition is not performed, or such contingency does not happen. (Emphasis added.)

Based on the above statute, New York cases have held that a separation agreement can revoke a testator's disposition of property where the "parties either expressly provide for a release or waiver of all rights and interests in the estate of each other or used language from which such an intent could reasonably be implied." Silber-

stein's Estate, 108 N.Y.S.2d at 92; In re Ga Nun's Estate, 104 N.Y.S.2d 344 (1951). This court must therefore look at the wording of the separation agreement to determine if the parties specifically waived all rights in the estate of each other or whether such an intent can be ascertained from the language of the agreement. In other words, this court must determine whether the terms of the agreement are "wholly inconsistent" with the previously executed will.

The separation agreement clearly indicates that the parties were contemplating a divorce at the time of its execution and that they intended the agreement to be a complete and final settlement of not only their property but of any claims each may have had against the other. This intention is expressly stated in paragraph "2" which provides:

> wife and husband intend and it is the purpose of this agreement to make a complete and final settlement of all jointly held property, both real and personal and of all claims that the parties may have against one another.

Paragraph "10" of the agreement, quoted on page 159, supra, implies that the parties intended to perfect a complete and final settlement not only of existing claims, rights and interests each had in the property of the other, but also of any interest each might have in the estate of the other after death. Paragraph "10" provides that the agreement is binding on the executors, administrators and heirs of the parties. Although the parties did not expressly waive and release any testamentary disposition made by one for the other, the language of the agreement is inconsistent with the will and demonstrates an intention of the parties to effect a full release of all interest in each other's estate after death.

Accordingly, this court finds that the separation agreement effectively revokes any devise or bequest in the will of the decedent Alfred B. Storie, Jr. to petitioner and her appointment as executrix of said will.

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is hereby

ORDERED that the last will and testament of Alfred B. Storie, Jr. be admitted to probate, and it is further

ORDERED that letters testamentary be issued to the successor executor named in the will, to wit, BILLY B. WATKINS.